**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3424-23

TONNESHA KIDD,

    Plaintiff-Appellant,

v.

LOURDES MEDICAL CENTER
OF BURLINGTON, LOURDES
TRADING AS VIRTUAL
WILLINGBORO HOSPITAL,

    Defendant-Respondent.

_____

        Argued May 5, 2026 – Decided July 24, 2026

        Before Judges Sumners and Augostini.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0786-23.

        Tonnesha Kidd, appellant, argued the cause on appellant's behalf.

        Janice G. Dubler argued the cause for respondent (Ogletree Deakins Nash Smoak & Stewart, PC, attorneys; Janice G. Dubler, on the brief).

PER CURIAM

In September 2018, self-represented Tonnesha Kidd sued Lourdes Medical Center at Burlington and Lourdes Trading As Virtual Willingboro Hospital (collectively Lourdes) for claims arising from her termination of employment.[1] A year later, the parties reached a settlement and release agreement providing that Lourdes pay Kidd $14,000 in exchange for her "releas[ing] and discharg[ing] [Lourdes] . . . of any and all claims, charges, causes of action, or liabilities of any nature whatsoever . . . as of the date of this [a]greement" including but not limited to claims such as breach of contract, discrimination, harassment or retaliation, and injunctive relief; Kidd agreed to not seek future employment with Lourdes Medical Center; the parties agreed to keep the terms and monetary amounts of the agreement confidential; Kidd agreed to "not disparage [Lourdes] including any of [its] employees"; and both parties agreed that the settlement agreement was "the entire [a]greement concerning the settlement of the disputes described above, and that no representations or inducements" had been used to secure the agreement.

---

[1] Lourdes removed the action to the United States District Court for the District of New Jersey. On May 3, 2019, the district court dismissed Kidd's federal retaliation claim, declined to exercise supplemental jurisdiction over her remaining state law claims, denied her motion to remand, and closed the federal action. See Kidd v. Lourdes Med. Ctr. of Burlington Cty., No. 18-16250, 2019 U.S. Dist. LEXIS 74771 at *2, *10-11 (D.N.J May 3, 2019).

A-3424-23

In April 2023, Kidd, again self-represented, sued Lourdes alleging claims of: (1) promissory estoppel, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) fraud, (5) intentional infliction of emotional distress (IIED), (6) and "retaliation pursuant to New Jersey statu[t]e." She also requested injunctive relief for these violations. Two months later, Kidd amended her complaint to include claims of: (1) breach of oral contract, (2) fraudulent inducement, (3) fraudulent misrepresentation, (4) invasion of privacy, and (5) retaliation in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to - 50, and "Section 1981[2] under [New Jersey] . . . law." Kidd's claims related to the settlement agreement. Lourdes subsequently moved under Rule 4:6-2(e) to dismiss the first amended complaint for failure to state a claim upon which relief can be granted.

On September 13, after hearing argument on September 8, the motion judge entered an order granting Lourdes' motion to dismiss without prejudice and allowing Kidd to file a second amended complaint no later than December

---

[2] Kidd does not cite the state law. Based on her past federal actions against Lourdes, she is likely referring to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. See Kidd v. Lourdes Med. Ctr., No. 19-12115, 2021 U.S. Dist. LEXIS 134850, at *1-2 (D.N.J. July 20, 2021).

8. Kidd complied by filing a second amended complaint, adding claims of unjust enrichment and intrusion upon seclusion.

Lourdes responded by moving under <u>Rule</u> 4:6-2(e) to dismiss the second amended complaint for failure to state a claim upon which relief can be granted. Kidd opposed the motion and cross-moved for leave to file a third amended complaint. A day after argument and rendering his bench decision, the judge issued orders on April 26, 2024, granting Lourdes' motion to dismiss Kidd's second amended complaint with prejudice and dismissing Kidd's cross-motion. Kidd moved for reconsideration. On June 11, the motion judge decided the motion on the papers, issuing an order denying reconsideration.

Before us, Kidd argues the motion judge erred in granting Lourdes' motion to dismiss her second amended complaint because she made "multiple cognizable claims" supported by a "paramount of probative evidence" after the judge held that she needed to provide more specific information in a third amended complaint. She also avers that, contrary to <u>Rule</u> 4:6-2(e), the judge improperly considered evidence outside the pleadings, such as documents and affidavits that Lourdes attached to its motion. In doing so, she contends the judge should have applied the summary judgment standard and permitted her to conduct discovery.

Deciding a motion to dismiss for failure to state a claim "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Green v. Morgan Props., 215 N.J. 431, 451 (2013) (quoting Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989)). "'[T]he complaint [is searched] in depth and with liberality to ascertain whether the fundament[al] . . . cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Printing Mart-Morristown, 116 N.J. at 746 (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). Based upon our de novo review of the motion to dismiss, State by Comm'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015), we disagree with Kidd's contentions and affirm substantially for the reasons expressed by the motion judge.

Initially, we stress that, when deciding Lourdes' motion to dismiss, the motion judge applied the proper standard in considering documents and facts that are a matter of public record and the litigation's history. As the judge correctly explained at oral argument, the motion to dismiss was not converted into a summary judgment motion because the settlement agreement, which Lourdes submitted with its certification, was "something that is in the complaint

5

and . . . case law . . . indicates that when . . . you're talking about a document that's . . . undisputed as to its existence, it doesn't change the standard of review." See Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (internal citations and quotation marks omitted) (holding that "a [motion judge] may consider documents specifically referenced in the complaint without converting the motion into one for summary judgment" and "matters of public record, and documents that form the basis of a claim").  Likewise, the judge fittingly reasoned that Lourdes' submission of the September 8, 2023 argument transcript didn't change the standard because it was "not a new document that is extraneous to the case."

As to Kidd's second amended complaint claims, the judge properly found that she failed to set forth claims upon which relief can be granted.  Regarding her breach of contract claim, it lacked merit because nowhere in the settlement agreement did Lourdes agree to cease harassing or discriminating against her. In fact, the settlement agreement provided that for receiving $14,000, Kidd agreed to "forever release and discharge" Lourdes from any harassment, discrimination, and defamation claims, among other legal claims.  Considering that Lourdes did not agree to cease harassment or discrimination, it did not breach any settlement agreement terms.  Similarly, Kidd's oral contract claim

6                                                                    A-3424-23

fails as the settlement agreement was an integrated agreement; any prior oral statements that contradict the terms of the agreement are irrelevant. Restatement (Second) of Conts. § 213, cmt. a (A.L.I. 1981).

Kidd's promissory estoppel and unjust enrichment claims were properly dismissed. "'[Q]uasi-contract liability [should] not be imposed . . . if an express contract exists concerning the identical subject matter.'" Shalita v. Twp. of Washington, 270 N.J. Super. 84, 90 (App. Div. 1994) (second alteration and omission in original) (quoting Suburban Transfer Serv. v. Beech Holdings, Inc., 716 F.2d 220, 226-27 (3d Cir. 1983)). Under the settlement agreement's clear terms, Kidd released Lourdes from any further harassment or discrimination claims. Kidd's unjust enrichment claim contradicts the facts—she benefited from this settlement agreement to the tune of $14,000 in exchange for releasing Lourdes from future legal claims—and fails to show how Lourdes received a benefit and how retention of that benefit without payment would be unjust. Moreover, Kidd's promissory estoppel allegations are conclusory. She fails to specify who represented to her that an anti-harassment provision would be included in the settlement agreement, when Lourdes made these representations, or any facts that could support her assertions. Permitting Kidd to conduct discovery to formulate a factual basis for her claims is not grounds to defeat

dismissal. See Camden Cty. Energy Recovery Assocs. L.P. v. N.J. Dep't of Env't Prot., 320 N.J. Super. 59, 64 (App. Div. 1999) ("Discovery is intended to lead to facts supporting or opposing an asserted legal theory; it is not designed to lead to formulation of a legal theory."). Thus, without a factual basis for her promissory estoppel claim, Kidd's arguments fail to overcome the motion to dismiss threshold. See Glass v. Suburban Restoration Co. Inc., 317 N.J. Super. 574, 582 (App. Div. 1998) ("[P]leadings reciting mere conclusions without facts . . . do not justify a lawsuit.").

Kidd's claims for violation of the good faith and fair dealing covenant were properly dismissed for similar reasons. She argues that "[Lourdes] acted in bad faith by misleading [her] into entering negotiations by promising no further harassment" but fails to explain how and on what occasions Lourdes acted in bad faith in securing the settlement agreement. As the motion judge aptly observed, "there's nothing esoteric or so complicated in settling a case for $14,000" and Kidd failed to show how "the requirement of paying out $14,000 in exchange for release was not performed in good faith." Therefore, the judge properly dismissed these claims as conclusory.

Kidd's fraudulent inducement and misrepresentation claims lack merit despite the additional facts she pleads. She contended that Lourdes induced her

to sign the settlement agreement by representing it would include an anti-harassment provision and only settle state claims. However, she fails to articulate who made these representations and whether the representations were oral or written. Furthermore, Kidd fails to show how Lourdes even caused the harassment that she allegedly experienced. We agree with the judge that "the causation is completely lacking and no amount of further pleading is going to improve the speculative quality of why Lourdes is somehow arranging for [Kidd's] parking tickets in Philadelphia."[3]

Kidd's claims for invasion of privacy, intrusion upon seclusion, and IIED were properly dismissed by the motion judge. Regarding her privacy claim, Kidd fails to identify specific private information that Lourdes disseminated to the public—merely alleging that Lourdes hired a private investigator is insufficient. Her intrusion upon seclusion and IIED allegations are also conclusory, alleging no facts as to how Lourdes committed the torts, and fails to articulate a causal connection between the Lourdes' conduct and her emotional distress.

---

[3] Kidd alleged that Lourdes continued to harass her after the settlement agreement by causing her to incur one hundred parking tickets in Philadelphia.

A-3424-23

The motion judge properly dismissed Kidd's discrimination claims. The settlement agreement specifically precludes these claims as Kidd agreed to release Lourdes from any future claims including harassment, discrimination, and retaliation. As to its merits, Kidd fails to draw a causal connection between Lourdes' conduct and her one hundred parking tickets, housing issues, issues with creditors, and other "misfortunes" purportedly caused by Lourdes.

Kidd's demand for injunctive relief is without merit. Such relief is only ordered where there is an "extraordinary equitable remedy" based on clear and convincing proof. Zoning Bd. of Adjustment of Sparta Tp. v. Serv. Elec. Cable Television of New Jersey, Inc., 198 N.J. Super. 370, 379 (App. Div. 1985). Kidd's conclusory allegations that "[Lourdes] continue[d] to harass [her]" after the settlement agreement and "irreparable injury will continue" in the absence of an injunction, is not supported by any factual assertions.

Kidd also seeks reversal of the orders denying her leave to file a third amended complaint. The judge did not abuse his discretion in issuing either order. See Port Liberte II Condo. Ass'n, Inc., v. New Liberty Residential Urb. Renewal Co., LLC, 435 N.J. Super. 51, 62 (App. Div. 2014) ("[A] [motion judge's] decision to grant or deny a motion to amend the complaint" is reviewed "for abuse of discretion.").

Rule 4:9-1 requires that a motion for leave to amend be granted "'liberally'" by considering "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (internal citation omitted). The judge thoroughly detailed the complaint's deficiencies and allowed Kidd to submit a second amended complaint. Yet, Kidd's second amended complaint was largely similar to her first amended complaint and, as noted, contained conclusory allegations. At the motion argument to dismiss her second amended complaint, it was evident that Kidd failed to set forth a factual basis showing a causal connection between her alleged injuries and Lourdes' conduct.

Lastly, Kidd argues the judge erred in denying reconsideration of the dismissal of her second amended complaint. The judge did not abuse his discretion in denying her relief. See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) ("[Motion judge's] denial of plaintiff's motion for reconsideration" is reviewed under the "abuse of discretion" standard). Rule 4:49-2 provides that "a motion for . . . reconsideration . . . shall state with specificity . . . the matters or controlling decisions that counsel believes the [judge] has overlooked or as to which it has erred . . . ." Kidd repeated the same arguments that were unsuccessfully advanced in opposition to the motion to

dismiss. Because she failed to show any law or facts that the judge overlooked, there was no basis to reconsider his ruling.

To the extent we have not addressed any of Kidd's arguments, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

_M.C. Hawley_

Clerk of the Appellate Division